

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00275-CV

———————————————

IN THE INTEREST OF H.W. AND B.W., CHILDREN

———————————————————————————

On Appeal from the 467th District Court
Denton County, Texas
Trial Court No. 2013-30025-211

———————————————————————————

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth
Dissenting Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant M.W.[1] (Father) appeals the trial court's Order on Motion for Enforcement of Possession and Access and Clarifying Prior Order (the clarification order), in which the trial court found that a prior order (the 2022 order) that Father sought to enforce contained an ambiguity and needed clarification. In three issues, Father complains that the trial court erred by (1) finding that its 2022 order was ambiguous, (2) modifying the unambiguous 2022 order "such that it substantively changed the order," and (3) refusing to rule on whether Appellee S.R.-W. (Mother) had violated the unambiguous 2022 order. Because we agree with the trial court that the language at issue in the 2022 order is ambiguous, and because the trial court appropriately exercised its discretion to clarify the 2022 order, we affirm the trial court's clarification order.

## I. BACKGROUND

Father and Mother divorced in 2014. Since then, they have entered into multiple mediated settlement agreements leading to multiple modifications of their respective parent–child relationships with their two children.[2] The trial court signed

---

[1]To protect the identities of Appellant and Appellee's minor child, we identify Appellant and Appellee by their initials only. *See* Tex. Fam. Code Ann. § 109.002(d).

[2]Father and Mother are the parents of two children, the older of whom turned 18 while Father's enforcement motion was pending. The provisions of the order that Father was seeking to enforce in the trial court pertain only to the younger child, B.W. (Daughter).

orders modifying Father's and Mother's rights, duties, possession of, and access to the children in 2016 and 2022.

In 2024, Father moved to enforce the 2022 order, which he alleged that Mother had repeatedly violated by failing to surrender or return Daughter to him as ordered and also by prohibiting Daughter from having phone contact with him on one occasion.[3] The trial court held a hearing at which both Father and Mother testified. At the conclusion of the hearing, the trial court found that "the terms of the [2022] order in regards to holiday access and possession [were] ambiguous" and denied Father's motion.[4]

Father then petitioned this court for mandamus relief, which we denied. *In re M.W.*, No. 02-24-00212-CV, 2024 WL 2862535 (Tex. App.—Fort Worth June 6, 2024, orig. proceeding) (mem. op.). After we issued our opinion in the mandamus proceeding, the trial court signed the clarification order. On Father's request, the trial court thereafter filed findings of fact and conclusions of law.

## II. DISCUSSION

Father's first issue challenges the trial court's ambiguity finding. Whether an

---

[3]Father filed his enforcement motion on February 9, 2024, and amended it on April 9, 2024. In his amended motion, Father alleged 16 separate violations of the 2022 order and three violations of the 2016 order by Mother. At the hearing on his enforcement motion, Father withdrew the three alleged violations of the 2016 order.

[4]The trial court denied Father's request to hold Mother in contempt for the alleged phone-contact violation but expressly declined to rule on the 15 other alleged violations of the 2022 order.

agreed court order is ambiguous is a question of law subject to de novo review. *Murray v. Murray*, 276 S.W.3d 138, 144–45 (Tex. App.—Fort Worth 2008, pet. dism'd); *see also Samson Expl., LLC v. T.S. Reed Props., Inc.*, 521 S.W.3d 766, 787 (Tex. 2017) (stating that "ambiguity is a question of law for the court").

As pertinent here, the 2022 order provided:

**(c) Periods of Possession for [Daughter]**

The parties agree and the Court finds that good cause exists to deviate from the Standard Possession Order contained in the Texas Family Code at §§ 153.311 through 153.317, as it is unworkable or inappropriate under the circumstances.

The parties agree and the Court finds that [Daughter] is of sufficient maturity to be given the right and responsibility to assist [Father] in structuring the dates and times of his possession times with her.

The parties agree, and IT IS THEREFORE ORDERED that the parties shall recognize the desires of [Daughter] as to the exercise of any periods of possession between her and [Father]. IT IS FURTHER ORDERED that [Father] shall have the right to possession of [Daughter] at such times as are agreeable to [Daughter] and him. [Father] is ORDERED to promptly give notice to [Daughter] of the dates and times of such possession as may be determined between [Father] and [Daughter.]

**Easter in Odd-Numbered Years**—-[Father] shall have possession of [Daughter] . . . in odd numbered years beginning at 6:00 p.m. on Good Friday and ending at 6:00 p.m. on Easter Sunday.

[Father] shall also have the right to possession of [Daughter] at such date and times not specifically ordered which are mutually agreed to in advance by both the child and [Father].

The parties agree and IT IS THEREFORE OR[D]ERED that [Mother] shall have a superior right to possession of [Daughter] at all

4

other times not provided for herein.

Waiver of Obligation to Surrender the Child

IT IS FURTHER ORDERED that [MOTHER]'s obligation to surrender the child, [DAUGHTER] to [FATHER] shall be conditioned upon [DAUGHTER]'s expressed desire for [FATHER] to exercise any such possession period. IT IS FURTHER ORDERED that [MOTHER] shall not interfere with [FATHER]'s periods of possession that are agreed to between [DAUGHTER] and [FATHER][.]

**(d) Holidays Unaffected by Distance**

Notwithstanding the periods of possession of [Father] and [Mother] as ordered herein above, [Father] and [Mother] shall have the right to possession of the children as follows.

l. Christmas Holidays in Even-Numbered Years—In even-numbered years, [Father] shall have the rights to possession of the child beginning at 8:00 a.m. on the day the child is dismissed from school for the Christmas school vacation and ending at noon on December 28, and [Mother] shall have the right to possession of the child beginning at noon on December 28 and ending at the time the child's school resumes after the break, or if the child is not in school, at 8:00 a.m. on the day school resumes after that Christmas school vacation.

2. Christmas Holidays in Odd-Numbered Years—In odd-numbered years, [Mother] shall have the right to possession of the child beginning at 8:00 a.m. on the day the child is dismissed from school for the Christmas school vacation and ending at noon on December 28, and [Father] shall have the right to possession of the child beginning at noon on December 28 and ending at the time the child's school resumes after the break, or if the child is not in school, at 8:00 a.m. on the day school resumes after that Christmas school vacation.

3. Thanksgiving in Odd-Numbered Years—In odd-numbered years, [Father] shall have the right to possession of the

child beginning at 8:00 a.m. on the day the child is dismissed from school for the Thanksgiving holiday and ending at the time the child's school resumes after the break, or if the child is not in school, at 8:00 a.m. on the day school resumes after that Thanksgiving.

4.  Thanksgiving in Even-Numbered Years—In even-numbered years, [Mother] shall have the right to possession of the child beginning at 8:00 a.m. on the day the child is dismissed from school for the Thanksgiving holiday and ending at the time the child's school resumes after the break, or if the child is not in school, at 8:00 a.m. on the day school resumes after that Thanksgiving.

5.  Spring Vacation in Even-Numbered Years—In even-numbered years, [Father] shall have the right to possession of the child beginning at 8:00 a.m. on the day the child is dismissed from school for the school's spring vacation and ending at the time the child's school resumes after the break, or if the child is not in school, at 8:00 a.m. on the day school resumes after that spring school vacation.

6.  Spring Vacation in Odd-Numbered Years—In odd-numbered years, [Mother] shall have the right to possession of the child beginning at 8:00 a.m. on the day the child is dismissed from school for the school's spring vacation and ending at the time the child's school resumes after the break, or if the child is not in school, at 8:00 a.m. on the day school resumes after that spring school vacation.

7.  Child's Birthday—If a parent is not otherwise entitled under this Possession Order to present possession of a child on the child's birthday, that parent shall have possession of the child and the child's minor siblings beginning at 6:00 p.m. and ending at 8:00 p.m. on that day, provided that parent picks up the children from the other parent's residence and returns the children to that same place.

8.  Father's Day—[Father] shall have the right to possession of the child each year, beginning at 8:00 a.m. on the Friday

6

preceding Father's Day and ending at 8:00 a.m. on the Monday after Father's Day.

9. Mother's Day—[Mother] shall have the right to possession of the child each year, beginning at 6:00 p.m. on the Friday preceding Mother's Day and ending at the time the child's school resumes after Mother's Day.

Father argues that nothing in the 2022 order is ambiguous. He contends, as he did in the trial court, that subsection (d) "unambiguously applied 'notwithstanding' other provisions of the order." The trial court disagreed and concluded as a matter of law that the 2022 order was "ambiguous as to the applicability of the provisions set forth regarding Father's holiday possession of [Daughter] and [that] those provisions [we]re therefore unenforceable and in need of clarification."

## A. The 2022 order contained an ambiguity.

A trial court may enforce by contempt any provision of a temporary or final order. Tex. Fam. Code Ann. § 157.001. In Father's amended motion, he asked the trial court to hold Mother in contempt. But to be enforceable by contempt, a judgment or order must set out the terms for compliance in clear and unambiguous terms. *In re Honermann-Garinger*, No. 02-10-00361-CV, 2010 WL 4644464, at *2 (Tex. App.—Fort Worth Nov. 17, 2010, orig. proceeding) (mem. op.). "The order . . . must set forth the terms of compliance in clear, specific, and unambiguous terms so that the person charged with obeying the order will readily know exactly what duties and obligations are imposed upon her." *Id.* In fact, a trial court would "necessarily" abuse its discretion if it held a person in contempt for violating an ambiguous order.

7

*In re Janson*, 614 S.W.3d 724, 727–28 (Tex. 2020) (orig. proceeding). A trial court may, however, clarify an order previously rendered in an enforcement proceeding if the trial court finds, on the motion of a party or on the court's own motion, that the order is not specific enough to be enforced by contempt. Tex. Fam. Code Ann. § 157.421(a). We review the trial court's ruling on a motion for enforcement or clarification under an abuse of discretion standard. *Murray*, 276 S.W.3d at 143.

When interpreting an agreed order, we interpret the order as a contract between the parties and apply the general rules of contract construction. *In re K.M.J.*, No. 02-09-00303-CV, 2011 WL 3525439, at *2 (Tex. App.—Fort Worth July 28, 2011, no pet.) (mem. op.). If we can give the agreement a definite legal meaning or interpretation, then it is not ambiguous, and we must construe it as written. *Universal C.I.T. Credit Corp. v. Daniel,* 243 S.W.2d 154, 157 (Tex. 1951). Nor is it ambiguous simply because the parties disagree over its meaning. *Dynegy Midstream Servs., L.P. v. Apache Corp.,* 294 S.W.3d 164, 168 (Tex. 2009). Rather, "[a] contract is ambiguous when its meaning is uncertain and doubtful or is reasonably susceptible to more than one interpretation." *RPC, Inc. v. CTMI, LLC*, 606 S.W.3d 469, 483–84 (Tex. App.—Fort Worth 2020, pet. denied) (quoting *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996)).

Father is correct to the extent that the provisions in the 2022 order that follow the language, "Notwithstanding the periods of possession of [Father] and [Mother] as ordered herein above," would generally control over any conflicting provisions that

precede that clause, including subsection (c). *See N. M. Uranium, Inc. v. Moser*, 587 S.W.2d 809, 814–15 (Tex. App.—Corpus Christi–Edinburg 1979, writ ref'd n.r.e.) (holding that lease provision preceded by phrase "[a]ny provision herein to the contrary notwithstanding" had priority over conflicting provision contained elsewhere in lease). But here, the conflicting provisions in subsection (c) are preceded by the statement, "The parties agree and the [trial c]ourt finds that good cause exists to deviate from the Standard Possession Order contained in the *Texas Family Code* at §§ 153.311 through 153.317, as it is unworkable or inappropriate under the circumstances." Further muddying the waters, the possession ordered in subsection (d) tracks some—but not all—of the statutory language in the Texas Family Code sections referenced by the order in subsection (c) to which deviation applied. *See* Tex. Fam. Code Ann. §§ 153.312 (Standard Possession Order for Parents Who Reside 100 Miles or Less Apart), 153.314 (Holiday Possession Unaffected by Distance Parents Reside Apart), 153.317 (providing alternative beginning and ending possession times). For example,

- Section 153.314(1)–(2) also uses "noon on December 28" as a start time (or end time, depending on the parent and the year) for possession of the child during the child's Christmas school vacation. *See id.* § 153.314(1)–(2).

- The provision for possession of Daughter on her birthday tracks the statutory language of Section 153.314(4). *See id.* § 153.314(4).

- The 6:00 p.m. start time "on the Friday preceding Mother's Day" for Mother's possession of Daughter on Mother's Day weekend tracks the statutory language of Section 153.314(6). *See id.* § 153.314(6).

9

But none of those sections provide for an 8:00 a.m. start time to any period of possession, and other than the Father's Day period of possession in Section 153.317(a)(6) and the extended weekend period of possession provided for by Section 153.317(a)(9), none provide for an 8:00 a.m. end time either. *See id.* §§ 153.312, 153.314, 153.317.

Because subsection (c) specifically attempts to override certain provisions of subsection (d), and because subsection (d)—with its "[n]otwithstanding" language—would seem to override subsection (c), these provisions, when read together, were reasonably susceptible to more than one interpretation. We agree with the trial court that the language at issue in the 2022 order contained an ambiguity. We therefore overrule Father's first issue.

## B. The trial court's clarification order did not substantively change the provisions of the 2022 order.

In Father's second issue, he argues that the trial court's clarification order "impermissibly changed" its 2022 order. A court may not change the substantive provisions of an order to be clarified. *Id.* § 157.423(a). "A substantive change occurs when judicial reasoning and determination is used to correct an error." *In re S.D.*, No. 02-10-00221-CV, 2011 WL 3847440, at *3–4 (Tex. App.—Fort Worth Aug. 31, 2011, no pet.) (mem. op.). A substantive change made by a clarification order is outside the trial court's subject matter jurisdiction, *see Sauls v. Sauls*, No. 02-23-00159-CV, 2024 WL 273573, at *6 (Tex. App.—Fort Worth Jan. 25, 2024, no pet.) (mem. op.), and not

10

enforceable, Tex. Fam. Code Ann. § 157.423(b).

In its clarification order, the trial court added the language "*including the holiday periods of possession set out herein*" in two separate places in subsection (c):

> The Court finds that [DAUGHTER] is of sufficient maturity to be given the right and responsibility to assist [FATHER] in structuring the dates and times of his possession times with her. The parties agree, and IT IS THEREFORE ORDERED that the parties shall recognize the desires of [DAUGHTER] as to the exercise of any periods of possession between her and [FATHER], *including the holiday periods of possession set out herein section (d).* IT IS FURTHER ORDERED that [FATHER] shall have the right to possession of [DAUGHTER] at such times as are agreeable to [DAUGHTER] and him. . . .
>
> . . . .
>
> Waiver of Obligation to Surrender the Child
>
> IT IS FURTHER ORDERED that [MOTHER]'S obligation to surrender the child, [DAUGHTER] to [FATHER] shall be conditioned upon [DAUGHTER]'S expressed desire for [FATHER] to exercise any such possession period*, including the holiday periods of possession set out herein in section (d).* IT IS FURTHER ORDERED that [MOTHER] shall not interfere with [FATHER]'s periods of possession that are agreed to between [DAUGHTER] and [FATHER.]

Father contends that this order substantively changed the 2022 order. He argues that, because the trial court's clarification order involved an "application of judicial reasoning," it "overstepped the trial court's authority in an enforcement proceeding." We disagree. Here, the trial court did not use judicial reasoning and determination to correct an error in the 2022 order. Having found, correctly, that the 2022 order contained an ambiguity and was therefore not specific enough to be enforceable by contempt, the trial court fulfilled its duty under Section 157.421(b) to

11

"clarify the order by rendering an order that is specific enough to be enforced by contempt." *See* Tex. Fam. Code Ann. § 157.421(b); *see also* Tex. Gov't Code Ann. § 311.016(2) ("'Shall' imposes a duty."). No "error" was "corrected"; when faced with an order that was reasonably susceptible to more than one interpretation, the trial court chose one reasonable interpretation (Mother's) over another (Father's).[5]

This was neither a substantive change nor an abuse of discretion.[6] Father's

---

[5]In support of his second issue, Father contends that "[t]he trial court, in its own findings, acknowledged that the plain English interpretation required a result that it did not think was just." He quotes the trial court's following two conclusions of law:

> 7.    While the phrase, "Notwithstanding the periods of possession . . . as ordered herein above," or another substantially similar phrase, appear in the vast majority of possession orders, its application differs in this case due to the specific and nonstandard language which appears in the parties' possession order.
>
> 8.    The phrase, "Notwithstanding the periods of possession," does not clearly and unambiguously create an exception to the terms and conditions outline[d] in prior sections of the order.

We disagree with Father's characterization of the trial court's findings of fact and conclusions of law. We do not think that the above quoted statements can fairly be read as the trial court's acknowledging that the interpretation for which Father had argued "required a result that it did not think was just."

[6]Additionally, we note that, in his amended motion, Father requested "that, if the [trial c]ourt finds that any part of the order sought to be enforced is not specific enough to be enforced by contempt, the [trial c]ourt enter a clarifying order more clearly specifying the duties imposed on [Mother] and giving [Mother] a reasonable time within which to comply." Father may not like the clarifying order that the trial court entered, but the trial court did exactly what Father asked it to do. *See Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005) (explaining that "a party cannot

12

second issue is overruled.[7]

## C. The trial court did not err by refusing to rule on whether Mother had violated an ambiguous order.

In his third issue, Father argues that the trial court erred by refusing to rule on whether Mother had violated the 2022 order. He contends that we "should reverse this proceeding to permit the trial court to properly consider and rule upon Father's motion for enforcement." Having concluded that the trial court correctly found that the 2022 order contained an ambiguity and then clarified the order, we overrule Father's third issue as moot.

## D. Mother's request that we sanction Father is denied.

Finally, in Mother's brief, she calls Father's appeal "frivolous" and asks that we award her "just damages as a sanction therefor." *See* Tex. R. App. P. 45 ("If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages."). Although we rule in Mother's favor on the merits of Father's issues, that does not make his appeal frivolous. Accordingly, we deny Mother's request for sanctions.

---

complain on appeal that the trial court took a specific action that the complaining party requested, a doctrine commonly referred to as 'the invited error' doctrine").

[7]In her brief, Mother argues that "the trial court erred by refusing to admit the *Mediated Settlement Agreement* into evidence as proof of the parties' intent in entering the 2022 order." Because we overrule all of Father's issues and affirm the trial court's order, we need not address Mother's argument.

13

## III. CONCLUSION

We affirm the trial court's clarification order.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  May 1, 2025